## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NEAL HUSTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. |
| | ) |
| UNITED PF PARTNERS, LLC, | ) |
| Serve: Capitol Corporate Services, Inc. | ) |
|        700 SW Jackson St., Ste. 100 | ) |
|        Topeka, KS 66603 | ) |
| | ) |
| Defendant. | ) |

### **COMPLAINT**

Plaintiff Neal Huston, for his Complaint against United PF Partners, LLC ("Planet Fitness," or "Defendant") states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual residing in Olathe, Kansas.

2. Defendant Planet Fitness is a limited liability company organized and existing under the laws of the State of Delaware. Planet Fitness can be served through its resident agent, Capitol Corporate Services, Inc., at 700 SW Jackson St., Ste. 100, Topeka, Kansas 66603.

3. Defendant owns and operates a Planet Fitness fitness center located at 13509 S. Mur-Len Road, Olathe, Kansas 66062.

4. This Court has jurisdiction over this action, which includes claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, pursuant to 28 U.S.C. § 1331.

1

5. This Court has personal jurisdiction over Defendant because Defendant conducts business at its Olathe, Kansas location, and a substantial part of the events or omissions giving rise to Plaintiff's claims took place within this District.

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims—namely, his employment with and termination by Defendant—took place within this District.

## FACTUAL BACKGROUND

7. Plaintiff was hired as a club manager at Defendant's Olathe, Kansas location in the fall of 2021.

8. In November 2020, before Plaintiff started working at Planet Fitness, he was severely injured in an automobile accident.

9. As a result of that accident, Plaintiff suffered a significant brain injury.

10. That injury restricted Plaintiff's ability to do any work for several months.

11. After extensive physical and occupational therapy, Plaintiff was able to return to work, though he understood that he needed a consistent schedule and the ability to get a full night's sleep each night as his body and brain continued to heal.

12. Because the Club Manager position required Plaintiff to only work the day shift, Plaintiff understood that his ongoing recovery would not limit his ability to perform the day-to-day work.

13. In the spring of 2022, two night-shift managers at Plaintiff's location abruptly resigned.

14. When employees resign, many club managers for Defendant cover those understaffed shifts themselves until new employees can be hired.

15. Plaintiff knew that, because of his disability, he would be unable to work the night shifts himself until Planet Fitness was able to hire new employees to cover those shifts.

16. On March 15, 2022, Plaintiff contacted two club managers at Defendant's other locations in the Kansas City metro area, as well as his District Manager and Regional Manager, to ask for help in fulfilling his duty to ensure adequate staffing in light of his disability.

17. Plaintiff received no help from the other managers in response to his March 15, 2022 request for assistance.

18. As an alternative proposed accommodation if Planet Fitness could not or would not help him with overnight staffing, Plaintiff suggested that the location temporarily close overnight until new employees were able to be hired.

19. Defendant did not respond to this request and gave no indication that it would be willing to consider temporary overnight closure of the location as an accommodation.

20. On March 16, 2022, Plaintiff emailed his District Manager with a "request for assistance or my resignation."

21. Plaintiff understood that, if Defendant would not accommodate him, he would need to resign, because he was unable to fulfill his duty to adequately staff the night shift without an accommodation.

22. In his communications with Defendant's leadership, Plaintiff expressed that he truly loved the fitness industry and that he did not want to leave his position, but that he would need to resign if Planet Fitness would not accommodate him by helping him cover night shifts until new employees could be hired.

23. After Plaintiff sent his March 16th email, Defendant's leadership began planning for his resignation.

24. After Planet Fitness received Plaintiff's request for accommodation, no one at the company discussed with Plaintiff the prospect of him staying on and being accommodated in some way.

25. Because Defendant failed to accommodate Plaintiff's disability, Plaintiff was forced to resign from Planet Fitness on March 30, 2022.

26. Shortly after Plaintiff's forced resignation, Defendant did in fact close the Olathe location for the overnight—thereby implementing one of the potential accommodations that Plaintiff had proposed while employed.

### *Exhaustion of Administrative Remedies*

27. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around May 2, 2022.

28. On August 30, 2022, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue.

### **COUNT I: DISABILITY DISCRIMINATION**

29. Plaintiff incorporates herein the allegations set forth above.

30. Plaintiff was disabled for purposes of the Americans with Disabilities Act ("ADA"), in that he has been substantially limited in the ability to perform several major life activities since his November 2020 auto accident.

31. Plaintiff was qualified to perform the essential elements of his job as Club Manager for Defendant without accommodation for most of his tenure, and then with a reasonable accommodation related to overnight shifts once two staff members unexpectedly resigned.

32. Defendant constructively discharged Plaintiff from his position as Club Manager when it failed to accommodate his disability and prevented him from performing his job.

33. The circumstances of Plaintiff's constructive discharge create an inference that Defendant's actions were taken because of Plaintiff's disability.

34. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

35. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Neal Huston respectfully requests that the Court enter judgment in his favor on Count I and against Defendant Planet Fitness for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT II: ADA FAILURE TO ACCOMMODATE

36. Plaintiff incorporates herein the allegations set forth above.

37. Plaintiff was disabled for purposes of the ADA.

38. Plaintiff's employer had notice of his disability, in that Plaintiff made Defendant aware of his ongoing recovery during his hiring process and he asked for an accommodation in the spring of 2022.

39. Plaintiff could perform the essential functions of his job with or without a reasonable accommodation.

40. Defendant unjustifiably refused to provide such accommodation, in that Defendant failed to consider whether it could assist Plaintiff in staffing the night shift until new employees could be hired to cover that shift.

5

41. As a result of Defendant's failure to accommodate Plaintiff's disability, Plaintiff was forced to resign from his position.

42. Defendant's failure to accommodate Plaintiff's disability has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

43. Defendant's failure to accommodate was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff Neal Huston respectfully requests that the Court enter judgment in his favor on Count II and against Defendant Planet Fitness for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

**HKM EMPLOYMENT ATTORNEYS, LLP**

By: */s/ Brad K. Thoenen*
John J. Ziegelmeyer III, KS 23003
jziegelmeyer@hkm.com
Brad K. Thoenen, KS 24479
bthoenen@hkm.com
Kevin A. Todd, KS 78998
ktodd@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.9339

ATTORNEYS FOR PLAINTIFF